UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAGHAV PARMOD KUMAR,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2633

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.19–20.)

In an order entered on September 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the May 15, 2026, bond hearing on September 30, 2026. (Resp., ECF No. 5; Recording of May 15,

2026, Bond Hearing, filed on Sept. 30, 2026.) Petitioner filed his reply on October 5, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of India who has been in immigration detention since November 24, 2025. *Kumar v. Raycraft* (*Kumar I*), No. 1:26-cv-1305 (W.D. Mich.), (Pet., ECF No. 1, PageID.5.)

On April 22, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Kumar I*. (*See id.*, ECF No. 1.) The Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Kumar I*, (W.D. Mich. May 11, 2026), (ECF Nos. 6, 7).

On May 15, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.41.) At the conclusion of the May 15, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "No bond. Respondent is a flight risk. Respondent has a removal order pending before the BIA." (Immigration Judge Order, ECF No. 5-2, PageID.58.)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on May 15, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 13, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge